# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

Case Number: **13-04227-JW**

Adversary Complaint Number: **17-80037-JW**

## SETTLEMENT AND CONFIDENTIALITY ORDER

The relief set forth on the following pages, for a total of **10** pages (plus attachments) including this page, is hereby ORDERED.

**FILED BY THE COURT**
**07/03/2019**



_/s/ John E. Waites_
US Bankruptcy Judge
District of South Carolina

Entered: 07/03/2019

1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In Re: | CASE NO. 13-04227-JW |
| Frank Scott Dabney and Kathryn Harrelle Dabney | CHAPTER 13 |
| | Adversary Complaint No.: 17-80037-JW |
| Debtors. | |
| Frank Scott Dabney and Kathryn Harrelle Dabney, | |
| Plaintiff, | |
| vs. | |
| Bank of America, N.A.; Specialized Loan Servicing, LLC; Shellpoint Mortgage Servicing; and The Bank of New York Mellon, | |
| Defendant. | |

**CONSENT SETTLEMENT AND CONFIDENTIALITY ORDER
RESOLVING PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AS TO
DEFENDANT SPECIALIZED LOAN SERVICING, LLC**

Before the Court is Plaintiffs Frank Scott Dabney and Kathryn Harrelle Dabney ("Plaintiffs") Motion to Compel Discovery Responses as to Defendant Specialized Loan Servicing, LLC ("SLS"). The Court having reviewed the Motion and being advised that counsel for the parties has resolved this matter between themselves and is in agreement, it is the ___th day of July, 2019 ORDERED:

1. On or before July 12, 2019, SLS shall supplement its responses to Plaintiffs' first set of requests for admission to confirm whether SLS ever physically possessed the Note at issue in this matter.

2

2. On or before July 12, 2019, SLS shall produce to Plaintiffs the following documents: (i) a limited power of attorney between SLS and Defendant The Bank of New York Mellon; (ii) a subservicing agreement with Defendant Bank of America, N.A.; and (iii) unredacted version of SLS's servicing notes previously produced at SLS_001087 – SLS_001132.  SLS shall only be required to produce these documents if they exist and are within SLS's possession and control.  If no such document(s) exist, SLS shall provide written confirmation to Plaintiffs on or before July 12, 2019.

3. Whereas the parties have stipulated and agreed that any documents produced by SLS, pursuant to Paragraph 2(i) or 2(ii) above, are and should be treated as confidential, it is further ORDERED:

    a. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and any other materials which may be subject to discovery pursuant to Paragraph 2 of this Order (hereinafter collectively "Documents") shall be subject to the following concerning confidential information.

    b. **Form and Timing of Designation.**  Confidential Documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the Document in a manner which will not interfere with the legibility of the Document and which will permit complete removal of the Confidential designation.  Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents.  Inadvertent or unintentional production of Documents without prior designation as CONFIDENTIAL shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3

    **c.**    **Documents Which May be Designated Confidential.**  Any party may designate Documents as confidential but only after review of the documents by an attorney[1] who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information.

    **d.**    **Protection of Confidential Material.**

        i.  **General Protections.**  Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 3.d.ii) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

        ii.  **Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any Documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment that he or she has read and understands the terms of this Order and is bound by it.  Subject to these requirements, the following categories of persons may be allowed to review Documents which have been designated CONFIDENTIAL pursuant to this Order:

---

[1] The attorney who reviews the documents and certifies them to be CONFIDENTIAL must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

(1) counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2) parties and employees of a party to this Order but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed[2];

(3) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

(5) other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

iii. **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of Documents designated as Confidential pursuant to the terms of this Order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

---

[2] At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (Attachment B hereto), counsel shall complete a certification in the form shown at Attachment C hereto. Counsel shall retain the certification together with the form signed by the party or employee.

    iv. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of Documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

**e.**      **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party shall take appropriate action to insure that the Documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the Document to the Court shall first consult with counsel for the party who designated the Document as confidential to determine if some measure less restrictive than filing the Document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any Document to be filed under seal. The parties understand that Documents may be filed under seal only with the permission of the Court after proper motion pursuant to Local Civil Rule 5.03.

**f.**     **Greater Protection of Specific Documents.**  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

**g.**     **Challenges to Designation as Confidential.**  Any CONFIDENTIAL designation is subject to challenge.  The following procedures shall apply to any such challenge:

  i. The burden of proving the necessity of a CONFIDENTIAL designation remains with the party asserting confidentiality.

  ii. A party who contends that Documents designated CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge.  The party who so designated shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to more for an Order confirming the CONFIDENTIAL designation.

  iii. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of the Order until one of the following occurs:

  (1) the party who claims that the documents are confidential withdraws such designation in writing;

  (2) the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set froth in paragraph 7.b above; or

  (3) the court rules that the documents should no longer be designated as confidential information.

    iv. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

**h.**     **Treatment on Conclusion of Litigation.**

    i. **Order Remains in Effect.** All provisions of this Order restricting the use of Documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

    ii. **Return of CONFIDENTIAL Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all Documents treated as confidential under this Order, including copies as defined above (¶ 3.d.iv) shall be returned to the producing party unless: (1) the Document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to Documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy Documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL so long as that work product does not duplicate verbatim substantial portions of the text of confidential Documents. This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential Documents.

    **i.**    **Order Subject to Modification.**  This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order.  The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

    **j.**    **No Judicial Determination.**  Nothing herein shall be construed or presented as a judicial determination that any specific Document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

    **k.**    **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel in this action and their respective law firms and clients.

IT IS SO ORDERED.

 

    _____
    UNITED STATES BANKRUPTCY JUDGE

July \_\_\_, 2019
Charleston, South Carolina

| | |
|---|---|
| **WE SO CONSENT** | **WE SO CONSENT** |
| NELSON MULLINS RILEY & SCARBOROUGH LLP | BROWN & VARNADO, LLC |
| By: /s/ Caroline D. Gimenez<br>　　Caroline D. Gimenez<br>　　Federal Bar No. 12743<br>　　Brian M. Barnwell<br>　　Federal Bar No. 10624<br>　　1320 Main Street / 17th Floor<br>　　Post Office Box 11070 (29211-11070)<br>　　Columbia, SC 29201<br>　　(803) 799-2000 | By: /s/ Robert B. Varnado<br>　　Robert B. Varnado<br>　　Federal Bar No. 6478<br>　　103 Church Street<br>　　Mt. Pleasant, SC 29464<br>　　(843) 737-7300<br><br>　　Garrett Law Offices, LLC<br>　　Jason Scott Luck<br>　　Federal Bar No. 9696<br>　　1075 E. Montague Ave.<br>　　North Charleston, SC 29405<br>　　(843) 554-5515 |
| *Attorneys for Defendant Specialized Loan Servicing, LLC* | *Attorneys for Plaintiffs* |

July 2, 2019

**ATTACHMENT A**
**CERTIFICATION BY COUNSEL OF DESIGNATION**
**OF INFORMATION AS CONFIDENTIAL**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In Re: | ) | CASE NO. 16-02805-JW |
| | ) | |
| Janice Allen | ) | CHAPTER 13 |
| | ) | |
| Debtors. | ) | Certification by Counsel of Designation of |
| | ) | Information as Confidential |
| | ) | |

Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as CONFIDENTIAL subject to the Confidentiality Order entered in this action which Order is dated _____.

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order.

Check and complete one of the two options below.

❑ I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is _____.

❑ I am not a member of the Bar of the United States District Court for the District of South Carolina but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is _____ where my Bar number is _____. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification.

Date: _____                  _____
                                       Signature of Counsel

                                       _____
                                       Printed Name of Counsel

11

**ATTACHMENT B**

**ACKNOWLEDGMENT OF UNDERSTANDING
AND
AGREEMENT TO BE BOUND**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In Re: | ) | CASE NO. 16-02805-JW |
| | ) | |
| Janice Allen | ) | CHAPTER 13 |
| | ) | |
| Debtors. | ) | Acknowledgement of Understanding and |
| | ) | Agreement to be Bound |
| | ) | |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated _____, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States Bankruptcy Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____                    _____
                                      Signature

## ATTACHMENT C

## CERTIFICATION OF COUNSEL OF NEED
## FOR ASSISTANCE OF PARTY/EMPLOYEE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In Re: | ) | CASE NO.  16-02805-JW |
| | ) | |
| Janice Allen | ) | CHAPTER  13 |
| | ) | |
| Debtors. | ) | Certification of Counsel of Need for |
| | ) | Assistance of Party/Employee |
| | ) | |

   Pursuant to the Confidentiality Order entered in this action, most particularly the provisions of Paragraph 4.b.2., I certify that the assistance of _____ is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL.

   I have explained the terms of the Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

   The individual named above is:

❑  A named party;

❑  An employee of named party _____. This employee's job title is _____ and work address is _____.

Date: _____           _____
                             Signature

13