# U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number: **13-04227-jw**
Adversary Proceeding Number: **17-80037-jw**

## ORDER

The relief set forth on the following pages, for a total of 11 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**08/13/2019**



*/s/ John E. Waites*

US Bankruptcy Judge
District of South Carolina

Entered: 08/13/2019

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re: Frank Scott Dabney and Kathryn Harralle Dabney,<br><br>Debtors, | Bankruptcy Case No.: 13-04227-JW<br><br>Adv. Pro. No.: 17-80037-jw |
| Frank Scott Dabney and Kathryn Harrelle Dabney,<br><br>Plaintiffs,<br><br>v.<br><br>Bank of America, N.A; Specialized Loan Servicing, LLC; Shellpoint Mortgage Servicing; and The Bank of New York Mellon,<br><br>Defendants. | **ORDER** |

This matter came before the Court for a hearing on Plaintiffs' Motion to Extend Deadlines and Plaintiffs' First Motion to Compel as to All Defendants (collectively, the "Motions"). Defendants Shellpoint Mortgage Servicing ("Shellpoint") and The Bank of New York Mellon ("BNYM") timely filed and served a Response in Opposition to the Motion to Extend, which was joined by Defendants Specialized Loan Servicing, LLC ("SLS"), and Bank of America, N.A. ("BANA"). Plaintiffs filed and served a Reply. Additionally, Defendants Shellpoint/BNYM and BANA filed and served responses to the Motion to Compel. Plaintiffs and Defendant SLS resolved the Motion to Compel as to SLS only, and a separate Consent Order regarding that limited matter was entered on July 3, 2019. Pursuant to Fed. R. Civ. P. 52, which is made applicable to this adversary proceeding by Fed. R. Bankr. P. 7052, the Court makes the following findings of fact and conclusions of law:

## PROCEDURAL BACKGROUND

Frank Scott Dabney and Kathryn Harrelle Dabney ("Plaintiffs") commenced this adversary proceeding by filing a complaint on March 30, 2017.[1] Formal discovery was delayed as a result of the adjudication of several contested motions filed by the parties, including motions to dismiss, for judgment on the pleadings and to amend the complaint, as well as an appeal of one matter. Prior to the hearing on the Motions, the crux of Plaintiffs' Amended Complaint has been an alleged discrepancy between the adjustable interest rate provision of the Note and the provision in the Adjustable Rate Mortgage Rider simultaneously executed by Plaintiffs at the closing. Plaintiffs alleged that the absence of an adjustable rate floor in the Note should have allowed the interest rate charged to them on the loan to drop below that charged by the Defendants, resulting in an overcharge. Based upon these allegations, Plaintiffs have asserted several causes of action seeking damages. While the reading of the Note and Mortgage Rider appeared to control the matter, the District Court on appeal held that parol evidence indicating the parties' understanding and intentions at the time of the loan closing might be important to the determination of the matter. Thereafter, this Court allowed Plaintiffs to file an Amended Complaint on January 15, 2019. With that background and nearly two years after the commencement of this adversary proceeding and after consultation with the parties, this Court entered a Scheduling Order on March 5, 2019, which provided in part that discovery would conclude on or before June 5, 2019, and dispositive motions, if any, would be filed on or before June 17, 2019. The Scheduling Order further provided that

---

[1] Plaintiffs filed their Complaint on March 30, 2017, after performing under their confirmed Chapter 13 plan for more than three years, which included payment of $44,000 to cure the prepetition mortgage arrearage to Defendants. The underlying bankruptcy case is Plaintiffs' second bankruptcy case addressing the default of the same mortgage which is the subject of this adversary proceeding. Unlike the first case, C/A No. 12-07250, in this case Plaintiffs, as Debtors, filed the Proof of Claim regarding the subject mortgage debt which triggered the payments that are complained of in this adversary proceeding. It appears Plaintiffs chose to file the Complaint in this Court in order to allege certain bankruptcy law related causes of action and to take advantage of the familiarity of this Court with such causes and the speed and efficiency of proceedings here.

2

motions compelling or objecting to discovery requests must be filed in accordance with SC LBR 7026-1.[2] After entry of the Scheduling Order, no party expressed any objection to or sought reconsideration of the deadlines set forth therein. Therefore, the deadline for completing discovery was clearly set and final.

Indicating an initial readiness for discovery, Plaintiffs served Interrogatories and Requests for Production of Documents on each Defendant immediately on March 6, 2019. However, it appears that these discovery requests were very broad in scope and required a voluminous response from Defendants. Due to the broad request, on March 21, 2019, Defendant BANA moved for an extension to respond to its discovery by April 26, 2019, which was granted. On March 22, 2019, Defendant SLS requested and received an extension from Plaintiffs to respond to discovery by April 22, 2019. On April 8, 2019, Defendants Shellpoint/BNYM moved for an extension to respond to its discovery by April 29, 2019, which was noticed to parties and granted without objection from Plaintiffs.

On April 19, 2019, Defendant SLS served its discovery responses, which included production of approximately 1540 pages of documents. On April 26, 2019, Defendant BANA served its discovery responses, which included production of approximately 1572 pages. On May 6, 2019, Defendants Shellpoint/BNYM served their discovery responses, which included 138 pages of responsive documents. At that time, Plaintiffs expressed no surprise or complaint concerning the volume of the responses.

On May 24, 2019, previously noticed depositions of Plaintiffs were taken by Defendants. Plaintiffs did not notice any depositions during the discovery period, despite (as indicated at the hearing) having questions regarding Defendants' document production. It was not until May 30,

---

[2] SC LBR 7026-1 provides, in pertinent part, that all motions filed and served in connection with discovery must be filed and served no later than fourteen (14) days following the deadline for a response to the applicable discovery.

3

2019 that Plaintiffs sent letters to Defendants requesting supplemental discovery and raising objections to their document production.

To facilitate the completion of discovery, the Scheduling Order provided for a status conference to take place on June 5, 2019, if needed, to determine any remaining discovery issues. On May 31, 2019, the Court sent an email to counsel for the parties inquiring if discovery was timely completed and whether the status conference was needed. Defendant SLS was the only party to respond, indicating that discovery was complete. Accordingly, on the afternoon of June 3, 2019, the Court removed the status conference from the hearing roster and notified the parties by email that the status conference had been cancelled. Shortly thereafter, Plaintiffs' counsel replied that a status hearing was needed to address certain discovery matters. However, since the hearing had already been removed and further discovery would necessitate a change in the deadlines in the Scheduling Order, the Court responded that any request would need to be by written motion and served on the appropriate parties.

On June 4, 2019, Plaintiffs filed a motion seeking to extend the discovery deadline, dispositive motion deadline, and all other remaining deadlines by 60 days. In support of their motion, Plaintiffs allege that they had discovered "discrepancies" with the Adjustable Rate Note produced during discovery by various Defendants and therefore needed additional time to investigate the alleged discrepancies. Plaintiffs assert the alleged discrepancies relate to their Truth and Lending Act claim and S.C. Unfair Trade Practices Act claim.

On June 6, 2019, after the discovery deadline passed, Plaintiffs filed an additional Motion to Compel Discovery Responses against Defendants. Plaintiffs allege that "[a]fter review of Defendants' voluminous documents" they identified several deficiencies and claim that Defendants were withholding relevant documents more specifically identified in the motion. On

June 19, 2019, a hearing was held on the Motions at which counsel for the parties attended.[3] At the hearing, Plaintiffs indicated for the first time their desire to conduct Rule 30(b)(6) depositions of Defendants.

## CONCLUSIONS OF LAW

**1. Plaintiffs' Motion to Extend Deadlines is denied because they failed to show they were diligent in attempting to complete discovery according to the Scheduling Order.**

At the hearing, Plaintiffs first argued that, as a result of discovery delivered to them on April 19, 2019 by SLS, they identified a second executed Note for the same loan which contains different provisions concerning the maximum amount that the adjustable rate of interest can change at any one time. Plaintiffs also now allege for the first time a belief that the Note, which was referenced in the Complaint and Amended Complaint, bears the forged signatures of Plaintiffs. However, at the hearing, Plaintiffs' counsel neither indicated how the discovery of the alleged second Note would change the allegations of the Amended Complaint nor indicated an intention to seek to further amend the Complaint. In addition, Plaintiffs argued they also now need additional time to receive responses to the supplemental discovery requests they served on May 30, 2019, just six days before the end of the discovery period, and to schedule and conduct Fed. R. Civ. P. 30(b)(6) depositions of representatives of Shellpoint, BNYM, BANA, and SLS.

    a. *Standard for Seeking Modification of a Scheduling Order*

In this matter, Plaintiffs seek modification of the Scheduling Order pursuant to Fed. R. Civ. P. 16(b)(4), which provides that "[a] scheduling order may be modified only for good cause and with the judge's consent." Properly construed, 'good cause' means that scheduling deadlines

---

[3] Thereafter, Defendants filed Motions for Summary Judgment and Plaintiffs filed objections to such motions by the deadlines set forth in the Scheduling Order and a hearing was held on July 25, 2019. Plaintiffs have not filed any further motion to amend the Complaint.

5

cannot be met despite a party's diligent efforts.'" *In re Ladd*, 516 B.R. 66, 75 (Bankr. D.S.C. 2014) (citing *Dilmar Oil Co. v. Federated Mut. Ins. Co.,* 986 F.Supp. 959, 980 (D.S.C. 1997)); Fed. R. Bankr. P. 7016 (stating Fed. R. Civ. P. 16 applies in adversary proceedings). The Court has "'broad discretion to preserve the integrity and purpose of the pretrial order,' which, toward the end of court efficiency, is to expedite pretrial procedure." *In re Roqumore*, No. 06-36406, 2010 WL 148189, at *2 (Bankr. S.D. Tex. Jan. 8, 2010) (citing *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama,* NA, 315 F.3d 533, 535 (5th Cir. 2003) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir.1990); *Hodges v. United States*, 596 F.2d 1014, 1018 (5th Cir.1979)). Under the circumstances of this case, the Court is unwilling to exercise its discretion to extend the deadlines of the Scheduling Order.

  b. *Application of Standard*

It is undisputed that Defendant SLS delivered its discovery responses, which included both Notes identified by Plaintiffs, on April 19, 2019, more than six weeks before the end of the discovery period. Plaintiffs' counsel asserts that since that date, they had insufficient time to review the discovery responses in order to determine the impact, if any, of the alleged second Note on the allegations in the Amended Complaint, serve supplemental discovery requests, or notice depositions of Defendants' representatives. Plaintiffs' counsel admitted that their delay in completing discovery was due to their other private practice caseload, the volume of documents produced that needed to be reviewed, a need to prepare for Plaintiffs' May 24th depositions, as well as a delay in drafting of the Fed. R. Civ. P. 30(b)(6) designations for the depositions. However, despite employing two separate law firms and using an additional nonlawyer expert to review documents, Plaintiffs provided no specific information or evidence to support the timeliness or extent of counsel's prior efforts to expound discovery or to review the documents produced by

Defendants during the discovery period. Furthermore, it is undisputed that Plaintiffs' counsel made no efforts to communicate with Defendants' counsel regarding any issues with Defendants' document production prior to their May 30, 2019 letter.

For the following reasons, the Court finds that Plaintiffs have failed to demonstrate diligence during the discovery period. First, despite knowing well the causes of action in the Amended Complaint, Plaintiffs elected to serve extensive discovery requests on all Defendants that appear to seek information that went beyond the claims set forth in the Amended Complaint. In light of the parties' familiarity with issues in the case after nearly two years of litigation and the need to avoid further unnecessary delay,[4] Plaintiffs should have been precise in their written discovery requests and cannot use the volume of responses to their overly broad discovery as an excuse for their failure to timely act. *See Cook v. Howard*, 484 Fed. Appx. 805, 817 (4th Cir. 2012) (finding that lack of diligence can also include a plaintiff's failure to pursue limited discovery to identify individuals who may have knowledge regarding the events alleged in the complaint) (citing *S. Grouts & Mortars v. 3M Co.,* 575 F.3d 1235, 1241 n.3 (11th Cir. 2009).

Second, Defendant SLS delivered its discovery requests on April 19, 2019, which included the two Notes cited by Plaintiffs as a cause for the request to extend the deadlines. While the date on which Plaintiffs' counsel first viewed the Notes is uncertain, it is clear that they acknowledged their content by referring to and in fact adopting the two Notes as evidence in their discovery responses delivered to SLS on May 10, 2019. It is clear from the record then that Plaintiffs' counsel, if diligent, had adequate time to identify that they had issues with the discovery responses

---

[4] One of the key aspects of bankruptcy cases is the quick and efficient consideration of disputes which aid both the fresh start of debtors and the repayment of creditors. Accordingly, the average time period provided for discovery in most bankruptcy adversary proceedings in this District is 90 days.

7

by Defendants and timely proceed with discovery or seek a discovery period extension or conference with Defendants' counsel well before the deadline set in the Scheduling Order.[5]

Furthermore, despite Plaintiffs having at least three document reviewers to review Defendants' discovery production: two attorneys and one non-lawyer expert, at the hearing on the Motions, Plaintiffs' counsel failed to provide any specific description or evidence which demonstrated the timing and extent of their efforts to review and follow up on Defendants' document production or expound further discovery during the period prescribed by the Scheduling Order. It appears to the Court that Plaintiffs' counsel had ample time to review the documents produced in time to raise discovery issues, confer with opposing counsel, timely file motions with this Court as required by Local Rules, prepare and serve supplemental discovery requests, and determine the need for any depositions of Defendants' representatives prior to the June 5th discovery deadline. Based upon the explanations provided by Plaintiffs' counsel at the hearing, the Court must conclude that Plaintiffs' counsel was either distracted by other casework or inattentive to this proceeding.

Finally, it is somewhat telling and unusual that Plaintiffs failed to notice any depositions during the discovery period of representatives of Defendants to address the matters complained of in the Amended Complaint. In fact, the Court was not made aware of any suggestion that Plaintiffs desired or intended to take depositions until the hearing on the Motions. Plaintiffs had a 90-day discovery period and more than six weeks after receiving discovery responses to notice the depositions of Defendants' representatives, but they elected not to do so. *See Shemendera v. First*

---

[5] Being provided no argument on this subject at the hearing, this Court is not convinced that the alleged existence of two Notes require a change in the allegations of the Amended Complaint or cannot be effectively used by Plaintiffs at trial without additional delay in the proceeding.

*Niagara Bank, N.A.*, 288 F.R.D. 251, 252 (W.D.N.Y. 2012) (finding no good cause to extend discovery where plaintiffs made no effort to schedule depositions until the last day of discovery).

In total, Plaintiffs' counsels' inaction shows a lack of diligence in utilizing available discovery mechanisms to timely complete discovery according to the Scheduling Order. Moreover, no adequate explanation or excuse was provided for their inaction. "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Jordan v. E.I. duPont de Nemours,* 867 F. Supp. 1238, 1250 (D.S.C. 1994) (citing *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 140 (D. Me. 1985)). Plaintiffs' counsel's mere assertion of diligence is not enough to support modification of a scheduling order under Fed. R. Civ. P. 16(b)(4). *See Cook v. Howard,* 484 Fed. Appx. 805, 815 (4th Cir. 2012) (finding that good cause was not shown where party seeking amendment offered no explanation for why they did not file a timely motion to amend the scheduling order and the record showed an overall lack of diligence). Plaintiffs have failed to satisfactorily explain why the discovery deadline set in the Court's Scheduling Order could not have been met with their diligent effort. *See In re Dyer,* 330 B.R. 271, 276 (Bankr. M.D. Fla. 2005) ("The plaintiff who seeks to rely on good cause provision must show meticulous effort to comply with the rule.") (quoting *In re Langston,* 319 B.R. 667, 670 (D. Utah 2005)). Accordingly, Plaintiffs have failed to show diligence that constitutes good cause and the Court declines to consent to modification of the Scheduling Order and denies Plaintiffs' Motion to Extend Deadlines.

**2. Plaintiffs' Motion to Compel as to Defendants BANA, Shellpoint, and BNYM is denied as untimely.**

Plaintiffs' Motion to Compel discovery responses was not only filed more the fourteen days after the responses sought were due, but the motion was filed after the discovery deadline expired.

SC LBR 7026-1 specifically provides that a Motion to Compel must be filed within fourteen days from the date the discovery is due or objections made. The Court's Scheduling Order specifically stated that any motion to compel must be filed in accordance with SC LBR 7026-1.

As argued by counsel for BANA, its written responses to the Plaintiffs' Interrogatories and Requests for Production clearly stated specific objections to Plaintiffs' requests and put Plaintiffs on clear notice upon receipt of the written responses that they needed to consult with opposing counsel and, if unsuccessful, move to compel within fourteen days. Plaintiffs offer no reason why the objections made in the Defendants' written responses could not have been readily identified and addressed in a timely manner given the deadlines set forth in the Scheduling Order and SC LBR 7026-1.

As the Motion to Compel is untimely, it is denied. *In re McFadden*, C/A No. 10-03899-DD, 2011 WL 5082110, at *2 (Bankr. D.S.C. Oct. 25, 2011) (declining to require additional document production when, in part, motion to compel was untimely filed).

IT IS HEREBY ORDERED that Plaintiffs' Motion to Extend Deadlines is denied. IT IS FURTHER ORDERED that Plaintiffs' Motion to Compel as to Defendants BANA, Shellpoint and BNYM is denied.

**AND IT IS SO ORDERED.**